UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| SIOUX FALLS SD II FGF, LLC, | * | CIV 21-4043 |
| | * | |
| Plaintiff, | * | |
| | * | MEMORANDUM OPINION |
| -vs- | * | AND ORDER GRANTING |
| | * | MOTION TO AMEND |
| COURTHOUSE SQUARE, LLP, PATRICK | * | |
| VESEY and KOREY KALLSTROM, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, Sioux Falls SD II FGF, LLC ("FGF"), brought this diversity action on March 26, 2021, alleging counts for declaratory judgment, negligent misrepresentation, fraud, piercing the corporate veil, and two counts of breach of contract.

Defendants Courthouse Square, LLP ("Courthouse"), Patrick Vesey ("Vesey") and Korey Kallstrom ("Kallstrom") filed a Motion to Dismiss.   On December 14, 2021, the Court granted the motion to dismiss as to FGF's claims for Breach of Contract - Assignment of Leases in Count II of the Complaint, and Declaratory Judgment - Assignment of Leases in Count III of the Complaint. (Doc. 14.)  The Court denied the motion to dismiss as to the other four counts in the Complaint

On February 2, 2022, FGF filed a Motion for Leave to File Amended Complaint.  (Doc. 17.) The proposed Amended Complaint is attached to the motion as Exhibit A.  FGF explains that the proposed amendment, attached as Exhibit A to the motion, seeks "to remedy certain shortcomings in Counts II and III."  (Doc. 17.)  Specifically, FGF states:

> The Amended Complaint seeks to clarify what was not clear before, that: (1) Count II seeks indemnity from Defendant Courthouse Square LLP ("Courthouse") for the expenses that FGF was or will be forced to incur in performing the obligation that Courthouse owed to the federal General Services Administration ("GSA") to repair the elevators prior to the assignment of leases, but pushed onto FGF through Courthouse's failure to perform that obligation before the assignment of leases; and

(2) Count III seeks a declaration of rights under the indemnity provision in the event that GSA were to bring a claim against FGF to recover for the period during which it was not provided suitable, safe, and maintained elevators while Courthouse was Landlord.

(Doc. 17.)

Courthouse opposes the motion to amend the complaint for two reasons. (Doc. 20.) First, it argues that Count II is futile because there is no clear expression in the indemnity provision of an intent to have such provision apply to litigation between the parties. Second, Courthouse asserts that Count III is unripe because no claim has been filed by the GSA, and also that Count III is moot because the elevators have been repaired.

For the reasons set forth below, the motion to amend the Complaint is granted as to Count II and denied as to Count III.

## BACKGROUND

The background of this case is set forth in this Court's previous Memorandum Opinion (Doc. 14), and it will not be repeated here.

## DISCUSSION

### A.    Legal Standard

A timely motion to amend a party's pleadings is ordinarily governed by Rule 15 of the Federal Rules of Civil Procedure. Although leave to amend the complaint is typically freely given, whether to permit amendment of the complaint is committed to the court's discretion. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)); *see* Fed. R. Civ. P. 15(a)(2).

Although generally a court should freely give leave to a party to amend its pleadings when justice so requires, Fed.R.Civ.P. 15(a)(2), it may properly deny a party's motion to amend a complaint when such amendment would unduly prejudice the non-moving party or would be futile. *Popoalii*, 512 F.3d at 497. Denial of a motion for leave to amend on the basis of futility "means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008).

2

Under Rule 12(b)(6), the factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), cited in *Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), courts primarily look to the complaint and "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n. 3 (8th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)).

"On a motion to dismiss for breach of contract, courts look not only at the sufficiency of the complaint but also at the contract itself, which by definition is integral to the complaint." *Axiom Inv. Advisors, LLC by & through Gildor Mgmt., LLC v. Deutsche Bank AG*, 234 F. Supp. 3d 526, 533 (S.D.N.Y. 2017). *See also Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss."). A copy of the Assignment of Leases which is relevant to this motion to amend is attached to the original Complaint as Exhibit B. The Court will consider this document in ruling on FGF's motion to amend the Complaint.

## B.    Analysis

The Assignment of Leases contains this Indemnification Provision:

Assignor hereby agrees to indemnify, hold harmless and defend Assignee from and against any and all obligations, liabilities, costs and claims (including reasonable attorney's fees) arising as a result of or with respect to any of the Leases that are attributable to the period of time prior to the date of this Assignment.  Assignee hereby agrees to indemnify, hold harmless and defend Assignor from and against any and all obligations, liabilities, costs and claims (including reasonable attorney's fees)

arising as a result of or with respect to any of the Leases that are attributable to the period of time from and after the date of this Assignment.  This paragraph shall survive the closing of the contemplated transaction and the assignment of the Leases.

(Doc. 1-2.)  In its prior ruling, this Court dismissed the breach of contract claim in Count II which is based on the Assignment of Leases.   The South Dakota Supreme Court has held that indemnification provisions do not authorize the award of attorneys' fees with regard to claims between the parties to the agreement, *Icehouse, Inc. v. Geissler*, 636 N.W.2d 459 (S.D. 2001) (denying attorneys' fees when agreement did not state the intent to indemnify), unless the language of the provision shows an intent to clearly and unambiguously shift fees, *Black Hills Excavating Sercies, Inc. v. Retail Const. Services, Inc.*, 877 N.W.2d 318 (S.D. 2016) (indemnity provisions clearly allowed for recovery of fees between the two contracting parties).  Applying South Dakota law, this Court concluded that FGF was not entitled to indemnification from Courthouse because there is no language indicating that the parties intended the indemnification provision to apply to litigation between the parties, and the Assignment of Leases does not include indemnification for breach of contract.  As stated by FGF, this Court's previous Order did not address the enforceability of the language in the Indemnification Provision regarding FGF's ability to recover expenses allegedly incurred in satisfying Courthouses obligation to repair the elevators prior the assigning the leases to FGF.

The language in FGF's proposed Amended Complaint clarifies Count II, and the Court now concludes that the claim is not futile.  Count II is not a claim for indemnification for any damages, costs or expenses resulting from a breach of the Purchase Agreement.  Rather, it is a claim for indemnification for an obligation (to repair elevators) to a third party (the GSA) that allegedly arose prior to the Assignment of Leases and which Courthouse failed to satisfy. Thus, this claim is distinguishable from *Icehouse* which involved a claim for indemnity for attorney fees in an action between the contracting parties with a contract that did not state the intent to indemnify.

Under South Dakota law, the intent of the parties is presumed to reside in the language they choose to use in their agreement. *Pesicka v. Pesicka*, 618 N.W.2d 725, 727 (S.D. 2000).  "If that intention is clearly manifested by the language of the [Agreement], it is the duty of this court to enforce it."  *Id.* (quoting *In Re Estate of Stevenson*, 605 N.W.2d 818, 821 (S.D. 2000)).  The

4

Assignment of Leases does not mention breach of the Purchase Agreement, or any other inter-party claims. Rather, the indemnification clause in the Assignment of Leases covers landlord obligations to the tenants. The language is broad enough to include an obligation to repair the elevators. The Assignment does not release Courthouse from further obligations to the tenants upon assignment of the leases. Rather, the Assignment allocates obligations so that Courthouse assumed responsibility for obligations under the leases that arose before the date of the Assignment, and FGF assumed responsibility for obligations under the leases that arise after the date of assignment. As in *Black Hills Excavating*, the language of the Assignment of Leases clearly states the parties' intent to indemnify. Based on the plain language and the structure of the Assignment of Leases, an indemnification claim for the expenses of repairing the elevators is plausible if FGF can show Courthouse was responsible for repairing the elevators prior to the date of the Assignment of Leases.

For these reasons, FGF will be allowed to amend its complaint to include its claim in Count II of the Amended Complaint for contractual indemnification from Courthouse under the Assignment of Leases.

However, FGF will not be allowed to amend the Complaint to add its claim for a declaratory judgment in Count III of the proposed Amended Complaint. In Count III, FGF seeks a declaration that if a claim is brought against it by the GSA for damages incurred by the GSA as a result of the malfunctioning elevators while Courthouse was the landlord, FGF would be entitled to indemnity from Courthouse for that claim. In the absence of a citation to a single case by FGF holding otherwise, this Court holds that FGF's claim for a declaratory judgment on a *possible* third-party indemnification claim *if* GSA files a claim for damages against FGF based on the old elevators, is not ripe for adjudication. FGF does not even allege that the probability of GSA filing a claim or lawsuit is real or substantial. *McLeod v. Gen. Mills, Inc*., 856 F.3d 1160, 1166 (8th Cir. 2017) (noting that Article III case or controversy may exist for a declaratory judgment action if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment") (quoting *MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 127 (2007)). *See also Travelers Ins. Co. v. Obusek*, 72 F.3d 1148, 1154 (3d Cir. 1995) (noting that "a litigant can seek a declaratory judgment where the harm is threatened in the future" if "the plaintiff [can]

5

demonstrate that the probability of that future event occurring is real and substantial").  As a result, the motion to amend to add Count III is denied.  Accordingly,

IT IS ORDERED:

1.      That Plaintiff's Motion for Leave to File Amended Complaint (Doc. 17) is granted as to Count II and denied as to Count III.  Within ten (10) days from the date of this Order, Plaintiff shall file a revised Amended Complaint that deletes all references to its claim in Count III for Declaratory Judgment-Assignment of Leases.

2.      Defendants shall file an Answer within twenty-one (21) days of receipt of the Amended Complaint.

Dated this 28th day of March, 2022.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

6